United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **PABLO DANIEL RAMIREZ ROMERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01242** |
| | § | |
| **FACILITY ADMINISTRATOR, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Pablo Daniel Ramirez Romero's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and Emergency Motion for Temporary Order Prohibiting Transfer or Removal and Protecting USCIS Biometrics Appointment, (Dkt. 2), challenging the lawfulness of his custody by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on July 13, 2026. (Dkt. 1.) Petitioner is a native and citizen of Mexico who entered the United States as a child around 2005. (Dkt. 2 at 2.) He was previously granted Deferred Action for Childhood Arrivals (DACA) and had a United States Citizenship and Immigration Services (USCIS) biometrics appointment scheduled for July 17, 2026, while he pursued renewal of his DACA status. (*Id.*) In May of 2026, Petitioner was apprehended by immigration authorities while he was driving and taken into custody. (*Id.*; Dkt. 8, Attach. 1 at 2.)[1] Petitioner argues he was unlawfully detained in violation of his due process rights

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

and that his detention interferes with his DACA renewal. (Dkt. 1 at 6–7; Dkt. 2.) He asks the Court to order release under reasonable supervision or a prompt individualized custody hearing. (Dkt. 1 at 7.)

The Court ordered Respondents to respond to the petition by July 20, 2026. (Dkt. 6.) Respondents filed a timely response and Motion for Summary Judgment alleging that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1226(c)(1) because his prior conviction for possession of marijuana makes him "inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2)]." (Dkt. 8 at 1–2.) Thus, Respondents argue that Petitioner's challenge to the constitutionality of his detention fails because he is subject to mandatory pre-final removal order detention under 8 U.S.C. § 1226(c). (*Id.* at 2–3 (citing *Demore v. King*, 538 U.S. 510, 526 (2003)).

The Supreme Court has held that mandatory detention pursuant to 8 U.S.C. § 1226(c) is constitutional for a limited period of time. *See Demore*, 538 U.S. at 529–31. However, detention under § 1226(c) may at some point violate constitutional due process rights. *See id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty" mandatory detention under 8 U.S.C. § 1226(c) might violate due process "if the continued detention became unreasonable or unjustified"); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020) (applying a fact specific balancing tests for determining when mandatory detention is no longer reasonably related to its statutory purpose under 8 U.S.C. § 1226(c)); *Black v. Decker*, 103 F.4th 133, 138 (2nd Cir. 2024) (same); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) (same); *see also Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (finding that under 8 U.S.C. § 1226(c), "the government can detain an alien for as long as deportation proceedings are still 'pending'").

Upon review of the record before the Court, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) as a noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Under § 1182(a)(2), a noncitizen is inadmissible if they are convicted of "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). The term "controlled substance" includes "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). On or about June 9, 2017, Petitioner was convicted of possession of marijuana which is a schedule I controlled substance. (*See* Dkt. 8 at 1; Dkt. 9 at 8–9); *see also* 21 U.S.C. § 812(c), Sched. 1(c)(10). At this point, Petitioner has been detained for around three months. (*See* Dkt. 1 at 4.) Because the length of Petitioner's detention under § 1226(c) does not give rise to due process concerns, the Court is unable to grant the relief that Petitioner seeks at this time. If Petitioner's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED** without prejudice. Petitioner's Emergency Motion for Temporary Order Prohibiting Transfer or Removal and Protecting USCIS Biometrics Appointment, (Dkt. 2), is **DISMISSED AS MOOT**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

Finally, the Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Pablo Daniel Ramirez Romero**
**A # 207-395-037**

**Webb County Detention Facility**
**998 S. Highway 83**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this August 19, 2026.

Diana Saldaña
United States District Judge